Simpson v. Moore.

SIMPSON v. MOORE.

1. BILLS AND NOTES. *Release. Parol evidence not competent to complete written agreement.* A written release is necessary to discharge one of several obligors from joint liability on a written contract; consequently, where a credit was entered on a note by parties in favor of one of several makers " as his part, principal and interest, of this note to this date," and the memorandum was not signed:

   *Held,* that of itself this entry did not operate as a release to the party in whose favor it was made, and that parol evidence was not admissible to show that it was the intention and understanding of the parties at the time that it should have that effect.

   Code cited: Secs. 1804-5.

2. PLEADING. *Nil debit bad plea. When.* Failure of consideration cannot be shown under the plea of *nil debit* in an action on a promissory note. Such a defense is in the nature of a cross right, and to be made available, must be so pleaded.

   Code cited: Sec. 2918, sub-secs. 2 and 3.

FROM GREENE.

Appeal from the Circuit Court. E. E. GILLEN-WATERS, Judge.

McKee & McFarland for complainant.

Britton & Ingersol for defendant.

Freeman, J., delivered the opinion of the court.

This suit is brought by plaintiff against defendants on a note made by them to Elam Carter, and endorsed after due to Henry simpson, Peter Simpson and Peter Myers. The declaration is in about the usual form, alleging, however, the transfer of the interest of the last two endorsers to plaintiff Simpson.

The plea is simply, that the defendants owe the plaintiff nothing on said note, upon which there is issue taken.

On the trial two questions were made by defendants. First, that the other defendants were released from all liability on the note by the plaintiff having received of Maloney what purported to be his share of the joint note in satisfaction of his said liability. This was sought to be proven by an endorsement, not signed by any one, of a credit, in these words: "Received of James M. Maloney, $1,063.83, his part, principal and interest, of this note to this date." In addition to this, it was attempted to show, by verbal proof of conversations and understandings at the time the payment was made, that it was intended that Maloney should be released.

We may say, that even if a verbal release could be thus made effective, the proof, in our judgment, in this record, fails to make out such a release. But we think it too clear for argument, that no verbal

testimony could be heard in such a case. At common law a release, to be effective in this case, would have had to be under seal, as importing a consideration. By secs. 1804–5 of the Code, the seal adds nothing to the dignity of the instrument, but all contracts in writing are *prima facie* evidence of a consideration. In order, then, to a release in such a case by contract, it must be in writing, thus imparting a consideration. No verbal contract, in consideration of a payment of what one obligor owes, could operate as a release. Such is the law, independent of section 5789 of the Code, which provides, in substance, that all releases in writing shall have effect according to the intention of the parties thereto. Whether this does not do away with the common law doctrine on this question, we need not now determine.

The written memorandum on the face of the instrument does not purport to release Maloney, and is not signed by Simpson at all. It is proper to say, that our impression is, the authorities not being before us, that the evidence of a release of this kind not being direct to the party himself, would have to be specially pleaded. But we decide nothing on this question.

As to the next question of alleged failure of consideration, we do not think it is in issue by the pleadings in the case, as it would be in the nature of a set-off, under sec. 2918 of the Code, sub-secs. 2 and 3, allowing a party to plead by way of set-off "any matter arising out of the plaintiff's demand, and

for which the defendant would be entitled to recover
in a cross action, or any matter growing out of the
original consid'eration of any written instrument, for
which the defendant would be entitled to recover in
a cross action." The claim made is the assertion of
a cross right against the plaintiff, and should be
pleaded as such in order to have the benefit of the
defense, if there is anything in it; as to which we
express no opinion.

Reverse the case.